IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS

In re:                                                          Case No.: 9:12-bk-06848-FMD

JENO KARASZ
MONIKA KARASZ                                        Chapter 7

   Debtor.
_____/

## MOTION TO ALLOW LATE FILED CLAIM

The Movant, STEARNS BANK, N.A., as successor to First State Bank By Asset Acquisition From the Federal Deposit Insurance Corporation (FDIC) as Receiver for First State Bank ("Movant"), by and through its undersigned attorney, hereby files this Motion to Allow Late Filed Claim (hereinafter "Motion") and in support states as follows:

### Jurisdictional Allegations

1.      The statutory predicates for the relief sought herein are pursuant to 11 U.S.C. § 105(a), 502(a), and 726(a)(3), and Federal Rules of Bankruptcy Procedure 3002, 9006(b)(1) and 9014.

### Relevant Facts and Basis for Relief Requested

2.      Movant has a claim against Debtor resulting from execution and delivery of the following Loan Documents held by Movant:

A.      Promissory Note dated August 29, 2007, in the original principal amount of $25,000.00.

B.      Mortgage dated August 29, 2007, recorded as Instrument # 1704226 in the public records of Charlotte County, Florida.

1

C.  Assignment of Mortgage dated June 8, 2010, recorded in O.R. Book 3489, Page 829 in the public records of Charlotte County, Florida.

3.  Movant retained the services of the Law Office of Gale M. Bobenhausen, P.A. with respect to Movant's claim in this action. See Affidavit Of Gale M. Bobenhausen In Support Of Motion To Allow Late Filed Claim attached hereto as Exhibit "A".

4.  The Notice Of Commencement Of Case Section 341 Meeting Of Creditors And Fixing Deadlines [Doc. #6] advised Creditors not to file a Proof Of Claim unless notice was subsequently provided within instructions to do so. Movant's counsel instructed her staff to file a Notice Of Appearance on behalf of Movant so that Movant's counsel could monitor the proceedings. Inadvertently and as a result of staff error, the Notice Of Appearance was not filed.

5.  On July 13, 2012, a Notice Fixing Deadline To File A Proof Of Claim [Doc. #27] was issued by the Clerk of Court and served upon Movant as a result of Movant's counsel's inadvertent failure to file a Notice Of Appearance on behalf of Movant.

6.  Movant transmitted the Notice Fixing Deadline To File A Proof Of Claim [Doc. #27] to Movant's counsel. However, the copy of the Notice Fixing Deadline To File A Proof Of Claim transmitted via email was not clear.

7.  Upon Movant's counsel's receipt of the Notice Fixing Deadline To File A Proof Of Claim, Movant's counsel's staff docketed the deadline pursuant to standard office procedure; however, as a result of the poor copy the deadline was inadvertently docketed for October 16, 2012.

8.  On October 15, 2012, as Movant's counsel reviewed the information for the Proof Of Claim and the Court docket, Movant's counsel realized that the deadline was October 15, 2012.

9. Movant's counsel filed a Notice Of Appearance [Doc. #37], a Proof Of Claim [No: 20], and an Amended Proof Of Claim [No: 20-1] on October 16, 2012 at about 4:42 p.m.

### A. Movant has Established "Excusable Neglect" Under Fed.R.Bankr.P. 9006(b)

10. Section 501(a) of the Bankruptcy Code provides that "a creditor...may file a proof of claim." Section 502(a) provides that "a claim...is deemed allowed unless a party in interest...objects." Courts, with respect to proofs of claim, routinely apply Federal Bankruptcy Rule 9006(b), which permits the Court to accept late filings where the failure to act was the result of excusable neglect. *See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993).

11. In *Pioneer*, the United States Supreme Court rejected the contention that Bankruptcy Rule 9006(b)(1) required a showing that a movant's failure to comply with the bankruptcy court's deadline was caused by circumstances beyond its reasonable control. Instead, the Supreme Court concluded that:

> [T]he determination [of what types of neglect will be considered excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 381. Accordingly, courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 1499.

12. The factors to be considered in determining "excusable neglect" are: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial

proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

13. The creditor is not required to prove that the circumstances surrounding the late filing were extraordinary. *See In re Singson*, 41 F.3d 316, 318 (7th Cir. 1994). As the Supreme Court in *Pioneer* explained,

> [B]y empowering the courts to accept late filing where the failure to act was the result of excusable neglect, Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

### 1. Danger of Prejudice to the Debtors

14. Here, the danger of prejudice to the Debtors is non-existent.

15. The Debtors were well aware of the claim prior to the bar date and included the claim on Schedule "F" [Doc. #13].

16. Prejudice to the Debtors must be material and cannot be vague or speculative. *See In re Pettibone Corp.*, 162 B.R. 791, 804-805 (Bankr. N.D.Ill. 1994). Here, the Debtors were on notice of the claim long prior to the bar date.

17. Movant filed its claim one day subsequent to the deadline. Therefore no action was taken by Debtors in reliance upon Movant's failure to file the claim.

### 2. The Length of Delay and its Potential Impact on Judicial Proceedings

18. The length of delay here and its impact on these cases is de minimus in light of the filing one (1) day after the deadline. Permitting the filing will be of no impact on the administration of the bankruptcy estate. Consideration of Movant's claim can be undertaken in the ordinary course along with all of the other claim requests filed in the case.

4

19. After first discovering the missed deadline, Movant's counsel took immediate action to rectify the situation. This distinguishes Movant's filing from those claimants that consciously failed to file claims in the face of known bar dates. *See e.g. Aargus Polybag Co., Inc. v. Commonwealth Edison Co., Inc. (In re Aargus Polybag Co., Inc.)*, 172 B.R. 586, 591 (Bankr. N.D. Ill. 1994) (eight month delay found unreasonable where creditor consciously disregarded bar date and did not affirmatively file any motion based upon excusable neglect, but only raised the argument in a responsive pleading).

### 3. The Reason for Delay and Whether the Delay Was Within the Creditor's Reasonable Control.

20. The reason for the delay was caused by the inadvertence, mistake or carelessness of Movant's counsel, not Movant. Therefore, the delay was not within Movant's reasonable control as Movant relied upon its counsel to timely file the claim.

### 4. Movant Acted in Good Faith

21. Movant and Movant's counsel acted in good faith by attempting to remedy this matter as soon as it was discovered. Movant's counsel filed the Proof of Claim one (1) day after the deadline. Movant has timely and in good faith filed this Motion. Movant again acted quickly and in good faith by filing this Motion. Finally, the failure to timely file the Proof of Claim was not intentional.

WHEREFORE, Movant respectfully requests this Court to enter an Order granting this **Motion to Allow Late Filed Claim**, permitting Movant's Proof of Claim #20-1 and 20-2 to be considered timely filed, and granting such other and further relief as the Court deems just and proper.

Dated this 23rd day of October, 2012.

        LAW OFFICE OF GALE M. BOBENHAUSEN, P.A.

        /s/ Gale M. Bobenhausen
        GALE M. BOBENHAUSEN, ESQUIRE
        Fla. Bar No. 0434345
        28051 U.S. Highway 19 North, Suite 107
        Clearwater, FL 33761
        (727) 252-0230 telephone
        (727) 252-0231 facsimile
        gmbobenhausen@gmbpalaw.com
        Counsel for Stearns Bank

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of October, 2012, a true and correct copy of the foregoing **MOTION TO ALLOW LATE FILED CLAIM** has been sent via U.S. Mail to the parties listed below and by CM/ECF Electronic Notice upon those listed on the attached mailing matrix.

| | |
|---|---|
| Timothy W. Gensmer, Esquire<br>2831 Ringling Blvd.<br>Suite 202-A<br>Sarasota, Florida 34237 | U.S. Trustee - FTM7<br>Timberlake Annex<br>501 E. Polk Street, Suite 1200<br>Tampa, FL 33602 |
| Luis E. Rivera, II, Trustee<br>P.O. Box 280<br>Ft. Myers, FL 33902 | Luis E. Rivera, II, Attny for Trustee<br>P.O. Box 280<br>Ft. Myers, FL 33902 |
| Jeno and Monika Karasz<br>6096 Bowie Lane<br>Englewood, FL 34224 | |

        LAW OFFICE OF GALE M. BOBENHAUSEN, P.A.

        /s/ Gale M. Bobenhausen
        GALE M. BOBENHAUSEN, ESQUIRE
        Fla. Bar No. 0434345
        28051 U.S. Highway 19 North, Suite 107
        Clearwater, FL 33761
        (727) 252-0230 telephone
        (727) 252-0231 facsimile
        gmbobenhausen@gmbpalaw.com
        Counsel for Stearns Bank

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS

In re:                                    Case No.: 9:12-bk-06848-FMD

JENO KARASZ
MONIKA KARASZ                             Chapter 7

      Debtor.
_____/

### AFFIDAVIT OF GALE M. BOBENHAUSEN IN SUPPORT OF MOTION TO ALLOW LATE FILED CLAIM

STATE OF FLORIDA
COUNTY OF PINELLAS

BEFORE ME, the undersigned authority, personally appeared Gale M. Bobenhausen, Esquire, personally and as President of the Law Office of Gale M. Bobenhausen, P.A. ("Affiant"), who after being duly sworn, deposes and says:

1. Affiant is over eighteen years of age and has personal knowledge of the matters set forth herein.

2. Affiant is counsel for STEARNS BANK, N.A., as successor to First State Bank By Asset Acquisition From the Federal Deposit Insurance Corporation (FDIC) as Receiver for First State Bank ("STEARNS") and was retained to represent it in this Bankruptcy proceeding and file a claim on its behalf if appropriate to do so.

3. The Notice Of Commencement Of Case Section 341 Meeting Of Creditors And Fixing Deadlines [Doc. #6] advised Creditors not to file a Proof Of Claim unless notice was subsequently provided within instructions to do so. Movant's counsel instructed her staff to file a Notice Of Appearance on behalf of Movant so that Movant's counsel could monitor the proceedings. Inadvertently and as a result of staff error, the Notice Of Appearance was not filed.

**EXHIBIT A**

1

4. On July 13, 2012, a Notice Fixing Deadline To File A Proof Of Claim [Doc. #27] was issued by the Clerk of Court and served upon Movant as a result of Movant's counsel's inadvertent failure to file a Notice Of Appearance on behalf of Movant.

5. Movant transmitted the Notice Fixing Deadline To File A Proof Of Claim [Doc. #27]. However, the copy of the Notice Fixing Deadline To File A Proof Of Claim transmitted via email was not clear.

6. Upon Movant's counsel's receipt of the Notice Fixing Deadline To File A Proof Of Claim, Movant's counsel's staff docketed the deadline pursuant to standard office procedure; however, as a result of the poor copy the deadline was inadvertently docketed for October 16, 2012.

7. On October 15, 2012, as Movant's counsel reviewed the information for the Proof Of Claim and the Court docket, Movant's counsel realized that the deadline expired on October 15, 2012.

8. Movant's counsel filed a Notice Of Appearance [Doc. #37], a Proof Of Claim [No: 20], and an Amended Proof Of Claim [No: 20-1] on October 16, 2012 at about 4:42 p.m.

9. Movant and Movant's counsel acted in good faith by attempting to remedy this matter as soon as it was discovered. Movant's counsel filed the Proof of Claim one (1) day after the deadline. Movant has timely and in good faith filed this Motion. Movant again acted quickly and in good faith by filing this Motion. Finally, the failure to timely file the Proof of Claim was not intentional.

10. The delay in filing the Proof Of Claim resulted from an error in docketing the deadline which arose because of the poor copy of the Notice Fixing Deadline To File A Proof Of Claim received by Affiant's office.

11. The error made in the docketing was excusable and the result of human error.

12. Affiant has reviewed the facts set forth in the Motion To Allow Late Filed Claim, and certifies that all facts as stated therein are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
GALE M. BOBENHAUSEN, ESQUIRE

Sworn to and subscribed before me this 23rd day of October, 2012, in the State and County aforesaid.

_____
Notary Public
My Commission Expires

TERRI MACIUSZEK
Commission # DD 939043
Expires December 3, 2013
Bonded Thru Troy Fain Insurance 800-385-7019

3